Mark M. Kovacich
KOVACICH SNIPES JOHNSON, P.C.
P.O. Box 2325
Great Falls, MT 59403
(406) 761-5595
mark@justicemt.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CAELAN BRADY, | CAUSE NO. CV-25-101-GF-JTJ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| UNITED STATES BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, an agency of the United States Department of Justice, | |
| Defendant. | |

COMES NOW Plaintiff, and for his complaint against Defendant, alleges as follows:

**PARTIES**

**1.**

Plaintiff Caelan Brady is a natural person and citizen and resident of Great Falls, Cascade County, Montana.

**2.**

Defendant United States Bureau of Alcohol, Tobacco, Firearms and Explosives is an agency of the United States Department of Justice, a department of the government of the United States of America.

**3.**

By this complaint, Plaintiff seeks to obtain certain documents and information pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## JURISDICTION AND VENUE

**4.**

This Court has original jurisdiction in this matter pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C), and 28 U.S.C. § 1331.

**5.**

Pursuant to 5 U.S.C. § 552(a)(4)(B), venue is proper in this Court because it is in the district and division in which Plaintiff resides.

## GENERAL ALLEGATIONS

**6.**

Plaintiff is an attorney licensed to practice law in Montana.

**7.**

On behalf of an injured worker client, on April 9, 2024, through Defendant's "Public Access Link" website, Plaintiff submitted a FOIA request for the "Federal

Explosives License information for companies named: Evolution Pyrotechnics Manufacturing, Inc. and/or Evolution Pyrotechnics, Inc." Thereby, Plaintiff sought the identity of the Federal Explosives Licensee for the manufacturing facility where the worker client was injured. Exhibit 1 attached hereto is a true and accurate copy of this request.

**8.**

On April 16, 2024, Elizabeth A. Wood, Acting Chief of Defendant's Information and Privacy Governance Division, denied Plaintiff's FOIA request by email correspondence. Citing 5 U.S.C. § 552(b)(7)(F), Defendant's rationale for denial was that "an individual with criminal motives could exploit the knowledge of our explosives manufacturers in order to target certain explosives manufacturers." Based on that reasoning, Defendant stated it "determined that disclosure of this information could be reasonably expected to endanger the life or physical safety of an individual." Exhibit 2 attached hereto is a true and accurate copy of this denial email.

**9.**

On April 16, 2024, Plaintiff appealed Defendant's denial through the Department of Justice's FOIA "System for Tracking Appeals and Requests" or "STAR" portal. Plaintiff pointed out that "[i]t is not a secret that Evolution Pyrotechnics manufactures pyrotechnics for athletic and concert events. They

publicly advertise this." Plaintiff further clarified that, "[o]n behalf of an injured worker, [he was] trying to find out which entity or entities carried the ATF license: Evolution Pyrotechnics Manufacturing, Inc. and/or Evolution Pyrotechnics, Inc." Exhibit 3 attached hereto is a true and accurate copy of Plaintiff's appeal.

10.

On September 23, 2024, by letter correspondence, Rianna Barrett, Associate Chief of the Administrative Appeals Staff at the Department of Justice, informed Plaintiff his request had been remanded back to Defendant "[a]fter carefully considering [Plaintiff's] appeal, and as a result of discussions between ATF personnel and [the DOJ]." Exhibit 4 attached hereto is a true and accurate copy of this Department of Justice letter.

11.

To date, Defendant has made no further determination on Plaintiff's request after remand from the Department of Justice.

12.

In August of 2025, Plaintiff contacted Defendant by telephone to inquire about the remanded request and receive an estimated date of completion. Plaintiff was informed by Defendant's information personnel that Defendant was backlogged on responding to FOIA requests and could not provide an estimated date of completion.

**13.**

On August 19, 2025, Plaintiff sent Defendant a message through its "Public Access Link" website, stating that the "narrow scope of information should not take long to fulfill" and informing Defendant that a 5 U.S.C. § 552(a)(4)(B) lawsuit would be filed if the FOIA request was not fulfilled by September 10, 2025. Exhibit 5 attached hereto is a true and accurate copy of this message.

**14.**

On August 20, 2025, Plaintiff followed up by hard copy letter to Defendant with the same content and September 10 deadline provided in the online message. Exhibit 6 attached hereto is a true and accurate copy of Plaintiff's August 20 letter to Defendant.

**15.**

To date, Plaintiff has not received any response to his message and letter to Defendant, and Plaintiff's FOIA request from over a year ago remains unfulfilled.

## FIRST CAUSE OF ACTION

**(Injunctive Relief)**

**16.**

Plaintiff incorporates the foregoing allegations as if set forth in full herein.

**17.**

Pursuant to 5 U.S.C. § 552(a)(4)(B), this Court may enjoin Defendant from continuing to withhold from Plaintiff which entity or entities have held or currently hold a Federal Explosives License: Evolution Pyrotechnics Manufacturing, Inc. and/or Evolution Pyrotechnics, Inc.

**18.**

The Court should order the release of this information because the information does not fall within any FOIA exception. In particular, 5 U.S.C. § 552(b)(7)(F), cited by Defendant in its initial denial, does not apply. Disclosure of this information is not reasonably expected to endanger the life or physical safety of any individual as Evolution Pyrotechnics advertises that it manufactures pyrotechnics for athletic and music events and even lists the address of its facility publicly on Google. Discovering which entity actually holds the Federal Explosives License is not information "an individual with criminal motives could exploit . . . in order to target certain explosives manufacturers" when the location of and activities undertaken by the manufacturer in question are already public knowledge.

**19.**

Defendant has failed to timely fulfill Plaintiff's FOIA request, and FOIA does not exempt the withheld information from disclosure.

**20.**

Plaintiff has incurred legal costs and attorney time and effort in bringing this action to obtain information to which he has a right under FOIA.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. An order enjoining Defendant from withholding from Plaintiff which entity or entities have held or currently hold a Federal Explosives License: Evolution Pyrotechnics Manufacturing, Inc. and/or Evolution Pyrotechnics, Inc.;

2. An award of costs and attorneys' fees; and

3. Such other and further relief as the Court deems just and equitable.

DATED this 11th day of November, 2025.

KOVACICH SNIPES JOHNSON, P.C.

BY:   /s/ Mark M. Kovacich
       Mark M. Kovacich
       P.O. Box 2325
       Great Falls, MT 59403
       Attorneys for Plaintiff